T.C. Memo. 2007-139

UNITED STATES TAX COURT

HON PUI YIP, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 689-06.                    Filed June 4, 2007.

Hon Pui Yip, pro se.

<u>Stephanie M. Profitt</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

HAINES, <u>Judge</u>:  Respondent determined a deficiency in
petitioner's 2001 Federal income tax of $58,956.[1]  After

---

[1]  Unless otherwise indicated, all section references are to
the Internal Revenue Code, as amended, and Rule references are to
the Tax Court Rules of Practice and Procedure.  Amounts are
rounded to the nearest dollar.

concessions,[2] the issues for decision are: (1) Whether petitioner is entitled to deduct on Schedule C, Profit or Loss From Business, expenses in an amount greater than determined by respondent; and (2) whether petitioner is liable for self-employment tax.

### FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time he filed his petition, petitioner resided in San Bruno, California.

During 2001, petitioner operated Sam Transportation, a transportation company. Petitioner's sister and brother-in-law also participated in Sam Transportation.

Petitioner timely filed his 2001 Federal income tax return, reporting adjusted gross income of $9,211 and total tax of $377. Petitioner did not report any items from the operation of Sam Transportation on his tax return.

---

[2] The parties agree that petitioner: Correctly reported gross receipts of $403,845 on his Schedule C, Profit or Loss From Business; is entitled to a deduction of $1,142 for self-employment health insurance; and, pursuant to sec. 164(f), is entitled to a self-employment tax deduction of one-half of the self-employment tax imposed by sec. 1401. The amount of the self-employment tax deduction, as well as petitioner's personal exemption and a rate reduction credit, are computational matters that the parties shall resolve as part of their Rule 155 computations.

On October 9, 2003, respondent received petitioner's 2001 amended Federal income tax return and an attached Schedule C which identified petitioner as the sole proprietor of Sam Transportation. On the Schedule C, petitioner reported gross receipts of $403,845, total expenses of $536,473, and a net loss of $132,628. As a result of the net loss, petitioner decreased his adjusted gross income by $132,628 and reported total tax of zero.

At some point after petitioner filed his original tax return, respondent commenced an examination for petitioner's 2001 tax year. On February 14, 2005, petitioner executed a Form 872, Consent to Extend the Time to Assess Tax, which extended the time within which respondent could assess any Federal income tax due with respect to petitioner's 2001 tax year to April 15, 2006.

On November 3, 2005, respondent issued petitioner a notice of deficiency. On the basis of bank deposits, respondent determined petitioner received Schedule C gross receipts of $416,903.[3] Because petitioner substantiated only $260,111 of the claimed Schedule C expenses, respondent determined petitioner was entitled to deduct Schedule C expenses only to the extent substantiated. Respondent increased petitioner's total income to $154,312, determined petitioner was liable for self-employment

---

[3] Respondent concedes that petitioner correctly reported Schedule C gross receipts of $403,845. See supra note 2.

tax of $13,150, and determined a deficiency in petitioner's 2001 Federal income tax of $58,956.

In response to the notice of deficiency, petitioner filed his petition with this Court on January 9, 2006.

OPINION

Deductions are a matter of legislative grace, and a taxpayer bears the burden of proving that he has complied with the specific requirements for any deduction he claims.[4]  See INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).  A taxpayer may deduct all ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business if the taxpayer maintains sufficient records to substantiate the expenses.  Secs. 162(a), 6001; Deputy v. du Pont, 308 U.S. 488, 495-496 (1940); sec. 1.6001-1(a), Income Tax Regs.  If a claimed business expense is deductible, but the taxpayer is unable to substantiate it, we are generally permitted to approximate the amount of the expense if we have a reasonable evidentiary basis

---

[4]  Under sec. 7491(a)(1), if the taxpayer introduces credible evidence with respect to any factual issue, the burden of proof shall shift to the Commissioner.  On this issue, the burden of proof does not shift to respondent because petitioner did not maintain adequate books and records and was unable to substantiate $276,362 of the claimed Schedule C expenses.  See sec. 7491(a)(2).

for the estimate. <u>Cohan v. Commissioner</u>, 39 F.2d 540, 543-544 (2d Cir. 1930); <u>Vanicek v. Commissioner</u>, 85 T.C. 731, 743 (1985).

The parties stipulated that petitioner substantiated only $260,111 of the $536,473 in claimed Schedule C expenses. Petitioner asserts that he was unable to substantiate the remaining $276,362 because his sister and brother-in-law now operate Sam Transportation and either they refused to give petitioner the records or the records were destroyed by fire. While the Court found petitioner to be sincere, we are nevertheless unable to approximate the amount of expenses because we do not have a reasonable evidentiary basis on which to do so. Therefore, we sustain respondent's determination that petitioner is entitled to deduct Schedule C expenses only to the extent substantiated, $260,111.

Section 1401 imposes a tax on the self-employment income of individuals. Self-employment income means the net earnings from self-employment derived by an individual. Sec. 1402(b). Respondent determined that the net profit petitioner received from the operation of Sam Transportation constituted self-employment income and, consequently, petitioner was liable for self-employment tax. Petitioner bears the burden of proving respondent's determination incorrect. See Rule 142(a); <u>Welch v. Helvering</u>, 290 U.S. 111, 115 (1933). Petitioner presented no testimony or other evidence regarding his liability for self-

employment tax and has failed to meet his burden of proof. Therefore, we sustain respondent's determination that petitioner is liable for self-employment tax.

In reaching our holdings, we have considered all arguments made, and, to the extent not mentioned above, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be entered under Rule 155</u>.